IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                            *

WILLIAM T. RYAN, *et al.*     *

    Plaintiff,           *

v.                   *   CIVIL NO.: WDQ-05-CV-00558

BROTHERS ROOFING, INC.    *

    Defendants.        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

In December, 2001 William Ryan was injured in a workplace accident.  He has sued Brothers Roofing, Inc. ("Brothers") for negligence, nuisance, premises liability and loss of consortium.  Pending is Brothers' motion for summary judgment.  For the following reasons, Brothers' motion will be denied in part and granted in part.

I.  Background

In 2001, Volair Contractors ("Volair"), was contracted by the Worcester County Board of Education to work on the renovation of Stephen Decatur High School.  Complaint, ¶ 3.  On December 18, 2001, Ryan, the owner of Volair, was descending a ladder at the work site when the ladder slipped, causing him to fall.  *Id* at ¶ 8, 9.  Ryan alleges that Brothers, another contractor at the site, owned and erected the ladder but failed to properly secure

it, allowing it to slip and causing his injury.  *Id,* ¶ 4-6, 9.


II.  Analysis

Brothers has moved for summary judgment, arguing that: 1) Ryan cannot prove negligence; 2) his contributory negligence and assumption of risk bar recovery; 3) his loss of consortium claim fails because it is derivative of the failed negligence claim; and 4) his private nuisance claim fails for lack of evidence.

Ryan argues in response that: 1) there is a genuine issue as to negligence; 2) he was not contributorily negligent nor did he assume the risk of injury; and 3) his loss of consortium claim survives because the negligence claim survives.  Ryan does not, however, oppose summary judgment as to the nuisance claim.


A.  Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but

2

to determine whether there is a genuine issue for trial." *Id* at
249.  Thus, "the judge must ask . . . whether a fair-minded jury
could return a verdict for the [nonmoving party] on the evidence
presented." *Id.* at 252.

The court must view the facts and reasonable inferences
drawn therefrom "in the light most favorable to the party
opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith
Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing
party must produce evidence upon which a reasonable fact finder
could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The
mere existence of a "scintilla" of evidence is insufficient to
preclude summary judgment.  *Anderson*, 477 U.S. at 252.


B.  Negligence

To establish a *prima facie* case of negligence under Maryland
law, Ryan must prove that: 1) Brothers had a duty to protect him
from injury; 2) Brothers breached that duty; and 3) the breach
was the proximate cause of an actual injury.  *Bobo v. State,* 346
Md. 706 (Md. 1997).

Brothers argues that it had no duty to protect Ryan from
injury because: 1) there is no evidence that Brothers owned the
ladder; 2) Ryan was a trespasser on the ladder; 3) even if Ryan
was an invitee, the unsecured ladder was an open and obvious
danger; and 4) Brothers was not negligent *per se* because it did

3

not violate Occupation Safety and Health Administration ("OSHA")
regulations.  Ryan responds, arguing that: 1) Brothers owned the
ladder; 2) he was a licensee or invitee; 3) the danger was
neither open nor obvious; and 4) Brothers violated OSHA
regulations.

1.   Ownership of the Ladder

     Although Brothers argues that there is no evidence that it
owned the ladder in question, Joseph Tigue, one of Ryan's
employees, has testified that he saw Brothers employees unload
and erect the ladder at the job site three weeks before Ryan was
injured.  Tigue Dep., p. 14.  Viewing the facts in the light most
favorable to Ryan, the Court finds that there remains a genuine
issue as to whether Brothers owned the ladder.

2.   Brothers' Duty

     Assuming that Brothers owned the ladder, its duty to protect
Ryan from injury turns on Ryan's status, i.e., whether he was an
invitee, licensee or trespasser.  *Baltimore Gas and Elec. Co. v.
Flippo*, 348 Md. 680 (Md. 1998).

     An invitee is a person on the property in question for a
purpose related to the possessor of the property's business.[1]

---

[1] An invitation may be express or implied.  *Crown Cork & Seal
Co. v. Kane,* 213 Md. 152 (Md. 1957).  An invitation may be
implied from "circumstances, such as custom, the acquiescence of

4

*Id.* The possessor owes an invitee a duty of ordinary care to keep the property safe. *Id.* A bare licensee is a person on the property with permission, but for his own purposes. *Id.* The possessor owes no duty except to refrain from willfully or wantonly injuring the licensee and from creating "new and undisclosed sources of danger" without warning. *Id.* A trespasser is one who intentionally and without consent, enters another's property. *Id.* The possessor of the property owes a trespasser no duty except that the possessor may not willfully or wantonly injure or entrap the trespasser. *Id.*

Ryan contends that he was an invitee or licensee based on Brothers' implied consent of his use of the ladder. Brothers argues that Ryan did not have permission to use the ladder and, therefore, was trespassing.

Tigue has testified that Volair and Brothers employees worked together on the roof where the ladder was erected and that he and other contractors used the ladder in the presence of Brothers employees. Tigue Dep., p. 10, 19-20. Assuming this to be true and drawing all inferences in favor of Ryan, the Court finds that there remains a genuine issue as to Ryan's status on

---

the owner in habitual use, the apparent holding out of premises to a particular use by the public, or simply in the general arrangement or design of the premises." *Mech v. Hearst,* 64 Md. App. 422, 427 (Md. Ct. Spec. App. 1985). An implied invitation requires "in the conduct or words of the possessor, some inducement or encouragement to enter, and mere permission or acquiescence is not sufficient." *Id.*

the ladder.

3.  Open and Obvious Danger

Brothers argues that even assuming that Ryan was an invitee on the ladder, the danger the ladder posed was obvious, thereby obviating Brothers' culpability.  Ryan has testified, however, that he observed that the ladder had feet, that it was secured to a 25-pound block and that he had already safely ascended the ladder and seen another worker use the ladder shortly before he was injured.  Ryan Dep., p. 56-58.  Accordingly, the Court finds that there remains a genuine issue as to whether the danger posed by the ladder was open and obvious.

4.  OSHA Violations

Brothers has also argued for summary judgment on the grounds that Ryan has failed to prove that Brothers violated OSHA regulations and, therefore, was negligent *per se*.  However, as there remains a genuine issue as to whether Brothers was negligent regardless of whether Brothers violated OSHA regulations, a finding that Brothers was not negligent *per se* will not justify summary judgment.  Accordingly, the Court will not address this issue.

6

5.   Contributory Negligence/Assumption of Risk

     Brothers argues that even assuming it was negligent, Ryan's
contributory negligence and assumption of risk bar recovery.

     Under Maryland law, contributory negligence bars a
plaintiff's recovery.  *Miller v. United States,* 308 F.Supp.2d 604
(D.Md. 2003); *Campbell v. Montgomery County Board of Education*,
73 Md.App. 54 (Md. Ct. Spec. App. 1987).   Contributory
negligence, occurs "whenever the injured person acts or fails to
act in a manner consistent with the knowledge or
appreciation...of the danger or injury that his or her conduct
involves."  *Miller,* 308 F.Supp.2d at 611.   The defendant has the
burden of proving by a preponderance of the evidence that the
plaintiff's negligence was a cause of the plaintiff's injury.
*Id.*  Ordinarily, contributory negligence is a question for the
jury.  *Campbell,* 73 Md.App. at 64.

     Brothers argues that Ryan's failure to ensure that the
ladder was secured constituted contributory negligence.   However,
as Ryan has testified that he checked to see if the ladder had
feet, observed that it was tied to a 25-pound block, had safely
ascended and observed another worker ascend, it is not clear that
Ryan was negligent in using the ladder.   Ryan Dep. P. 56-59.
Accordingly, there remains a genuine issue as to whether Ryan was
contributorily negligent.

     Assumption of risk also constitutes an absolute bar to

7

recovery under Maryland law. *Flippo,* 348 Md. at 706.  The doctrine is defined as "an intentional and voluntary exposure to a known danger and, therefore, consent on the part of the plaintiff to relieve the defendant of an obligation of conduct toward him and to take his chances from harm from a particular risk." *Id.*  To prove assumption of risk, a defendant must show that the plaintiff: 1) had knowledge of the risk of the danger; 2) appreciated that risk; and 3) voluntarily confronted it.  *Id.*

Brothers argues that Ryan assumed the risk of injury when he chose to use the ladder after observing that it was unsecured. As noted above, whether the risk of injury was apparent is an issue of fact for the jury.  Accordingly, Brothers' motion for summary judgment on the grounds of assumption of risk will be denied.


C.  Loss of Consortium Claim

Brothers argues that Ryan's loss of consortium claim is derivative of the negligence claim and, because the negligence claim fails, the loss of consortium claim necessarily fails. However, as Brothers motion for summary judgment on Ryan's negligence claim will be denied, the motion for summary judgment on the loss of consortium claim will also be denied.

D.  Nuisance Claim

Brothers has moved for summary judgment on Ryan's nuisance claim.  As Ryan does not oppose that portion of the motion, it will be granted.

III.  Conclusion

For the reasons stated above, Brothers' motion for summary judgment on the negligence and loss of consortium claims will be denied.  Brothers' motion for summary judgment on the nuisance claim (Count II of the Complaint) will be granted.

<u>March 3, 2006</u>                    <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge